Howell, J.
This is a petitory action, in which plaintiff seeks to recover a tract of land described in his petition and purchased by him at sheriff’s sale, which he alleges was taken possession of and held by the defendant against his consent and wish, and also the rent thereof and damages during the wrongful occupancy of the defendant, who answered that the said land, constituting a plantation, is the property of the succession of her deceased husband, and called the administrator in warranty.
Before the administrator made appearance the defendant died, and *196 on motion of plaintiff's counsel the case was revived in the name of her legal representatives. ■
The administrator of the deceased husband answered, admitting that when he qualified he found the defendant in possession, and he permitted her, as widow in community, to remain so until her death, and that the plantation is now in the possession of her heirs, and he denied that the plaintiff lias any right to said property.
■ R. L. Graves, the tutor of the minor children, also answered, adopting the answer of the defendant, and denying that either the widow (the defendant) or himself, in his representative capacity, was ever in possession of the1 property claimed by plaintiff.
' Whereupon, the plaintiff, finding the property erroneously described in the sheriff’s deed, filed an amended petition, giving a corrected description thereof, and explaining how the error occurred, and prayed that R. L. Graves, individually, as one of the heirs and as tutor of the minor heirs, alleged to be then in possession, be cited to answer the amended petition; that he be declared owner of the land described in the amended petition ; that the deed of the sheriff to him be corrected, and, in other respects, prayed as in the original petition. Citation on the amended petition was issued to and served only on the tutor of the minors and the curator of the deceased husband and father. A judgment by default was taken “ against defendant, on failure to answer the amended petition,” and confirmed “on proof in favor of plaintiff.” This judgment was rendered against “defendant’s” correcting the description of the land, according to the adjudication to plaintiff, and condemning the “ defendant ” to pay the sum of five hundred dollars per annum for the rent of said property for four years, and at the same rate until possession is given to plaintiff), for which a writ was allowed.
The plaintiff entered a remittitur for the rent of the last two years mentioned in the judgment after it was signed, and the tutor of the minor heirs appealed. His counsel assigns as error “that he was the only defendant, and was cited only as tutor, not as possessor individually; that minors can not be held liable as claimed; that the plaintiff, by the amended petition, abandoned the suit for rent on the property first described, and does not claim it on the other; that the judgment for rent against him as tutor, he being the only person cited, is in error; that the question of correcting the deed could not be tried without proper parties; that it was necessary to make the sheriff a defendant ; that defendant could not correct the deed of the sheriff; that motion for a new trial was overruled when plaintiff admitted the judgment to be for too much ; that the remittitur could not be filed after the judgment was signed, and if filed could not affect the motion for a new trial.”
*197 The land having been sold as the property of R. W. Graves, and his legal representative (the curator or administrator of his succession) having been cited to answer both petitions, and issue joined thereon as to him, we think the judgment for the land, according to the corrected description, was proper ; but it seems clear that the judgment for the rent, as rendered, is erroneous. The curator was not the trespasser or actual possessor, and the minors could not be held liable for the act of their mother, as complained of. They can only accept with benefit of inventory, and take the succession of their mother after its debts are paid. But her succession was not before the court, nor was any one who could stand in judgment for such a claim against her.
It is therefore ordered that the judgment for rent be reversed, with costs in favor of the tutor, and that in other respects it be affirmed. Appellee to pay costs of appeal.